Henry Ben-Zvi, SBN: 105419
BEN-ZVI & ASSOCIATES
3231 Ocean Park Blvd., Suite 212
Santa Monica, California 90405
Telephone: 310.664.1570
Facsimile: 310.664.1571

Attorneys for Plaintiffs
SCIE LLC and Paypix LLC

JS - 6    O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCIE LLC, a Nevada Limited Liability Company, doing business as Entertainment Partners Services Group; and Paypix LLC, a Nevada Limited Liability Company, doing business as EPSG Pixpay Services,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>XL Reinsurance America Inc. (formerly known as NAC Reinsurance Corporation), Star Insurance Company, Worldwide Film Completion, Inc., The Lewis Horwitz Organization, a division of Southern Pacific Bank, and Does 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO. CV03-2782 CAS (FMOx)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING DISPOSITION OF SUMMARY JUDGMENT MOTION** |

　　　Plaintiffs SCIE LLC and Paypix LLC (collectively "Entertainment Partners") and Defendants XL Reinsurance America, Inc. and Star Insurance Company (collectively "XL/Star"), through their respective counsel, stipulate and agree, subject to the Court's approval, as follows.

　　　WHEREAS, following trial and appeal, Entertainment Partners filed a motion for summary judgment on October 15, 2007, and on which the Court heard argument on December 3, 2007; and

1  WHEREAS, the Court has concluded, for the reasons set forth in the
2  Tentative Ruling issued prior to the December 3, 2007 hearing (a true and correct
3  copy of which is attached as Exhibit 1), that Entertainment Partners is entitled to
4  recover from XL/Star (1) the payroll expenses owed by Devil Productions, LLC
5  ("Devil") to Entertainment Partners; (2) the attorneys' fees and costs Entertainment
6  Partners incurred that arose from Devil's breach of its contractual obligations to
7  Entertainment Partners; and (3) interest; and

8  WHEREAS, as indicated in the Tentative Ruling, the Court raised an issue
9  as to the correct amounts of each of the foregoing items; and

10  WHEREAS, Entertainment Partners and XL/Star enter into this stipulation
11  by which they are agreeing to the correct amount of one of the foregoing items,
12  specifically, that the payroll expenses owed by Devil to Entertainment Partners is
13  <u>exactly $2,894,988.46</u>; and

14  WHEREAS, Entertainment Partners and XL/Star enter into this stipulation
15  in order to define the mechanism by which the remaining items shall be resolved,
16  specifically:

17  a. On or before the Monday following two weeks after Entertainment
18  Partners receives notice that the Court has approved this Stipulation,
19  Entertainment Partners shall file and serve a motion seeking the
20  recovery of attorneys' fees, costs, and interest (the "Motion"). The
21  Motion shall include all such fees, costs, and interest to which
22  Entertainment Partners claims, including such fees and costs, if any,
23  incurred in the course of this litigation;
24  b. Within three weeks after Entertainment Partners serves the Motion,
25  XL/Star shall file and serve its opposition to the Motion;
26  c. Entertainment Partners shall set the hearing date for the Motion based
27  on conversations between counsel so that both counsel shall be
28  available to argue the Motion; and

1  d. Entertainment Partners shall file any reply to XL/Star's opposition to the Motion within such time as required by the Local Rules, based upon the hearing date for the Motion.

WHEREAS, the parties believe the issues to be addressed by the Motion are legal issues, but to the extent they are deemed to be factual issues, the parties waive their right to a jury trial on such factual issues, and the parties further agree that the Court may, but is not obligated to, resolve all such factual issues as part of its determination of the Motion; and

WHEREAS, the Court, if it wishes, may order the parties to present one or more witnesses to be examined and cross-examined on any issue it deems to be a factual issue; and

WHEREAS, by entering into this stipulation, XL/Star is not agreeing that the Court is correct in awarding summary judgment to Entertainment Partners, and Entertainment Partners explicitly agrees that XL/Star is not waiving its right to appeal from the order granting summary judgment, and that this stipulation is only as to the amounts that are owed and to a mechanism to resolve the outstanding issues, but is not a stipulation as to the correctness of the Court's underlying determination that summary judgment is warranted; and

WHEREAS, by entering into this stipulation, and in particular the immediately preceding recital, Entertainment Partners is agreeing that XL/Star has fully preserved for appeal any issue that it raised in its opposition to Entertainment Partners summary judgment motion and any issue XL/Star raises in opposition to the Motion, but Entertainment Partners reserves the right to argue that any issue that was not so raised has been waived.

Dated: January 16, 2008

BEN-ZVI & ASSOCIATES
HENRY BEN-ZVI
By:____/s/_____
　　　Henry Ben-Zvi
Attorneys for Plaintiffs
SCIE LLC AND PAYPIX LLC

| | | |
|---|---|---|
| 1 | Dated: January __, 2008 | ANDERSON, McPHARLIN & CONNERS, LLP |
| 2 | | GARY J. VALERIANO |
| 3 | | By:_____/S/_____ |
| | | Gary J. Valeriano |
| 4 | | Attorneys for Defendants STAR INSURANCE COMPANY AND XL REINSURANCE AMERICA, INC. |

### ORDER

For good cause shown, IT IS SO ORDERED.

Dated: January 18, 2008

_/s/ Christina A. Snyder_
Hon. Christina A. Snyder
United States District Court Judge