UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers):** PLAINTIFFS' MOTION TO RECOVER ATTORNEYS' FEES AND EXPENSES AND PREJUDGMENT INTEREST (filed February 11, 2008)

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

        The facts and procedural history of this action are known to the parties and summarized in the Court's August 14, 2004 and March 1, 2005 Orders. This action arises out of a dispute over the production and financing of a motion picture entitled "The Devil and Daniel Webster" ("the film"). In November 2000, SCIE LLC d/b/a Entertainment Partners Services Corp. and Paypix, LLC d/b/a EPSG Pixpay Services (collectively, "Entertainment Partners"), were hired by Devil Productions, LLC ("Devil"), Cutting Edge Entertainment, Inc. and David Glasser, (collectively, "the producers") to provide payroll services for the film. Star Insurance Co. and XL Reinsurance America Inc. (collectively "Star/XL"), beginning in February 2000, served as reinsurers of the film's completion bond. In the event that the film was not completed and delivered on time, this bond was to be paid to the Lewis Horwitz Organization ("LHO"), a division of Southern Pacific Bank ("Southern Pacific"), which provided part of the financing for the film. In July 2001, after financing problems arose, Worldwide Film Completion Inc. ("Worldwide"), acting as Star/XL's agent, took over production of the film pursuant to existing agreements with the producers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

In December 2001, Entertainment Partners obtained an arbitration award against the producers for unpaid payroll expenses and fees in the amount of $3,252,548.04.[1]  In December 2003, Star/XL took title to the film.

On September 16, 2002, Entertainment Partners brought suit in Los Angeles County Superior Court against Star/XL, Worldwide, LHO, and Does 1 through 100 (collectively, "defendants"), alleging that defendants fraudulently induced them to provide payroll services for the film by intentionally misrepresenting the status of the film's financing.  Subsequently, the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for Southern Pacific and in due course substituted as the real-party-in-interest.  On April 21, 2003, the FDIC removed the action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B).  On June 2, 2004, the Court granted the FDIC's motion for summary judgment and entered judgment in its favor on June 3, 2004.

The case was tried on December 7 through 10 and 14 through 16, 2004.  On December 16, 2004, the jury returned a verdict in favor of Entertainment Partners on the breach of surety claim.  The jury found that Worldwide, acting as Star/XL's agent, had assumed the obligation of the contract between Devil and Entertainment partners and that Star/XL had not paid Entertainment Partners pursuant to the contract.  The jury found that Entertainment Partners' damages were zero due to its further finding that Entertainment Partners had failed to mitigate its damages.  Jury Verdict Form at 5-6.

On March 1, 2005, the Court denied Star/XL's renewed motion for judgment as a matter of law on the question of their liability under the payroll contract between the producers and Entertainment Partners.  On the same day, the Court denied Entertainment Partners' motion for a new trial on damages.  Thereafter, Entertainment Partners appealed several issues, including the Court's dismissal of its motion for a new trial on damages, to the United States Court of Appeals for the Ninth Circuit.  Star/XL cross-appealed the Court's denial of its motion for judgment as a matter of law.

---

[1] This award was comprised of a principal of $2,894,988.45; interest on this sum in the amount of $199,511.68; $145,594.25 in attorneys' fees and costs; $2,647.41 in interest on these attorneys' fees; and arbitration costs of $9,806.25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

On June 5, 2007, the Ninth Circuit affirmed the Court's denial of Star/XL's renewed motion for judgment of a matter of law. SCIE LLC v. XL Reinsurance America, Inc., 2007 U.S. App. LEXIS 13499, *9 (9th Cir. 2007). The court rejected Star/XL's argument that Worldwide had not acted as its agent in taking over the film, finding that substantial evidence supported a finding of agency. Id. at 3-4. The court found that Star/XL was alternatively liable for the unpaid contract claim under California Civil Code § 1589, which provides that "[a] voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." Id. at 5. In this regard, the court noted, "[b]ecause [Star/XL] acquired the film in December 2003, it accepted the benefit of [Entertainment Partners'] provision of payroll services, without which there would be no film. [Star/XL] was aware that [Entertainment Partners] had not been paid both when [Worldwide] took over production of the film and when [Star/XL] took ownership." Id.

Additionally, the Ninth Circuit reversed the Court's denial of Entertainment Partners' motion for a new trial and remanded for a new trial limited to the amount of Entertainment Partners' damages. Id. at 9. The court found that the parties had stipulated that the unpaid contract claim was worth approximately $3.2 million. Id. at 6. In light of this stipulation, the court reasoned that the jury's finding that Star/XL had not paid Entertainment Partners money owed under the contract conflicted with its finding that Star/XL was liable for only $1.75 million in damages. Id. at 6. The court further found that no theory presented at trial supported the jury's damages finding or its finding that Entertainment Partners had failed to mitigate its damages. Id. at 6-7. The court affirmed on all other issues. Id. at 9. On July 31, 2007, the court denied Star/XL's petitions for panel and en banc rehearing. SCIE LLC v. XL Reinsurance Am., Inc., 2007 U.S. App. LEXIS 18492 (9th Cir. 2007).

On remand, and following the parties' stipulation as to the amount of payroll expenses owed by Devil to Entertainment Partners, the Court granted Entertainment Partners' motion for summary judgment on January 18, 2008.[2] The Court held that, by

---

[2] The parties stipulated that Devil was obliged to pay Entertainment Partners $2,894,988.46 in payroll expenses. Notwithstanding this stipulation, Star/XL reserved its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

virtue of the jury's finding that Star/XL had assumed Devil's obligations under its

---

right to contest on appeal that it was obliged to pay Devil's debt to Entertainment Partners.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

contracts with Entertainment Partners, Star/XL was liable to pay Entertainment Partners the amounts owed by Devil pursuant to these obligations.

On February 11, 2008, Entertainment Partners filed the instant motion for attorneys' fees, expenses, and prejudgment interest. Star/XL filed an opposition thereto on March 10, 2008. On March 19, 2008, Entertainment Partners filed a reply. A hearing was held on March 31, 2008, and the Court directed Entertainment Partners to submit additional information regarding its counsel's hourly rate.

On April 21, 2008, Entertainment Partners filed a supplemental declaration. Star/XL filed a supplemental declaration in opposition to Entertainment Partners' motion for attorneys' fees on April 24, 2008. Entertainment Partners filed a second supplemental declaration on April 25, 2008.

After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   DISCUSSION

Entertainment Partners argues that Star/XL is liable to it for attorneys's fees, costs, and interest thereon incurred in connection with this action. Specifically, Entertainment Partners seeks payment for (1) fees and expenses incurred by it in its litigation against Devil, culminating in Entertainment Partners' judgment against Devil; (2) fees and expenses incurred by Entertainment Partners in its efforts to collect on the judgment obtained by Entertainment Partners; and (3) fees and expenses incurred by Entertainment Partners in connection with the appeal of the action and the post-appeal proceedings. Additionally, Entertainment Partners seeks prejudgment interest.

### A.   Do the Contracts Assumed by Star/XL Provide Oblige It to Pay Attorneys' Fees and Costs?

Entertainment Partners predicates its claim for attorneys' fees on identical clauses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

in two contracts entered into between Devil and Entertainment Partners.[3]  Pursuant to these contracts, Entertainment Partners provided payroll services to Devil for the film, and Devil agreed to pay for these services.  <u>See</u> Declaration of Jack L. Peterson ("Peterson Decl.") ¶ 2, Exs. 19, 20.  At this point, it is settled that Star/XL assumed Devil's obligations under these contracts.  <u>See</u> January 18, 2008 Minute Order.

Entertainment Partners argues that because Star/XL assumed the obligations under these contracts, it is made liable for fees and costs pursuant to paragraph 12 therein.  This paragraph, which in both contracts contains identical language, is as follows:

> [Devil] shall indemnify and hold [Entertainment Partners] free and harmless from and against any and all liability, loss, damage, claim or cause(s) of action (whether or not well-founded) which may or might result, directly or indirectly, arising out of the services performed by Personnel for [Devil] at the location described in the Service Schedule(s).  [Entertainment Partners] shall indemnify and hold [Devil] its parent company, subsidiaries, divisions and affiliated companies free and harmless from and against any and all liability, loss, damage, claim or cause(s) of action (whether or not well-founded) which may or might result, directly or indirectly, arising out of the negligence or wrongful acts, errors or omissions of [Entertainment Partners] in the performance of its services hereunder.  The foregoing shall not apply to the services of personnel provided hereunder.  Entertainment Partners makes no representations nor gives any warranty, expressed or implied with respect to the professional or technical experience, ability or qualifications of personnel furnished here.  **[Devil] hereby agrees to indemnify, defend and hold harmless [Entertainment Partners], its parent company, subsidiaries, associates, assignees, licensees and successors in interest, and the officers, directors, agent and employees of each**

---

[3] One of these contracts was between Devil and Entertainment Partners Services Corp ("the EP/Devil contract").  Declaration of Jack L. Peterson ¶ 2, Ex. 19.  The other was between Devil and Paypix, LLC d/b/a EPSG Pixpay Services.  <u>Id.</u>, Ex. 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

> **of them from any and all costs and expenses (including, but not limited to, reasonable attorney's fees), losses, claims, damages and/or liabilities arising out of or in any way connected with [Devil's] breach or alleged breach of any representation, warranty, obligation and/or covenant herein contained.**
> [Entertainment Partners] hereby agrees to indemnify, defend and hold harmless [Devil], its parent company, subsidiaries, associates, assignees, licensees and successors in interest, and the officers, directors, agent and employees of each of them from any and all costs and expenses (including, but not limited to, reasonable attorney's fees), losses, claims, damages and/or liabilities arising out of or in any way connected with [Entertainment Partners's] breach or alleged breach of any representation, warranty, obligation and/or covenant herein contained.

Id., Exs. 19 at ¶ 12, 20 at ¶ 12 (emphasis added).  Entertainment Partners relies on the highlighted portion of this paragraph.

In response, Star/XL argues that Entertainment Partners misreads the contracts. First, Star/XL contends that the first sentence of paragraph 12 indicates that this paragraph, including the indemnity clause upon which Entertainment Partners' relies, relates only to actions "arising out of the services performed by Personnel for [Devil] at the location described in the Service Schedules." Id. Star/XL contends that the operative paragraph for actions involving the non-payment of payroll invoices is paragraph 10 of the EP/Devil contract, which does not contain an indemnity clause.[4] Id., Ex. 19 at ¶ 10.

Star/XL also argues that paragraphs 2, 5, and 7 of the EP/Devil contract assist in the interpretation of the scope of paragraph 12.  According to Star/XL, these paragraphs contain their own indemnity provisions.[5] Star/XL argues that, like the indemnity

---

[4] In its opposition, Star/XL makes reference to "Exhibit 10," but it appears that this is a typographical error and that Star/XL intended to reference paragraph 10.

[5] Paragraph 2 provides that if personnel are sent to certain locations at Devil's request, Devil agrees to indemnify Entertainment Partners.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

provisions in paragraphs 2, 5, and 7, the indemnity provision in paragraph 12 does not apply to the entire agreement.

Star/XL further argues that the duty to indemnify for attorneys' fees arises only in connection with arbitration proceedings. Star/XL directs the Court's attention to paragraph 15, which is identical in both contracts:

> [t]his Agreement shall be governed by and construed in accordance with the laws of the State of California. Any disputes arising hereunder shall be adjudicated under the rules and regulations of the American Arbitration Association at Los Angeles, California. The prevailing party shall be entitled to reimbursement of all costs and expenses including reasonable attorneys fees. The award of the arbitrator shall be binding on both parties and shall be enterable as a judgment with any court of appropriate jurisdiction.

Id., Ex. 19 at ¶ 15. Star/XL argues that because Entertainment Partners never commenced an arbitration against Star/XL -- though it did commence such proceedings against the producers -- it is not entitled to any attorneys' fees under the terms of the contracts.

This argument misses the mark. While paragraph 15 does provide that a prevailing party in an arbitration may recover attorneys' fees, it does not narrow the scope of the

───────────────

Paragraph 5 provides that Devil shall hold Entertainment Partners "harmless from and against any and all costs or liabilities of any kind which may be incurred by [Entertainment Partners] arising out of [Devil's] failure or refusal" to make certain payments that are not relevant in this case.

Paragraph 7 provides that Devil shall indemnify, defend, and hold Entertainment Partners harmless from and against claims or liabilities resulting from Devil's refusal or failure to comply with state and federal laws relating to workplace health and safety. Peterson Decl., Ex. 19 at ¶¶ 2, 5, 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

indemnity clause contained in paragraphs 2, 5, 7, and 12.

Nor does the absence of an indemnity clause in paragraph 10, relating to the payment of payroll invoices, have any legal significance. Here, the dispute between the parties arose from the breach of contractual obligations. Therefore, the clause in paragraph 12 providing for indemnity in connection with any breach or alleged breach of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|----------|----------------------|------|-----------------|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

"*any* representation, warranty, obligation and/or covenant herein contained," is applicable.  Id., Exs. 19 at ¶ 12, 20 at ¶ 12 (emphasis supplied).

Additionally, Star/XL's reliance on paragraph 15 is unavailing.  Even if Star/XL is correct that the arbitration clause governs the agreement, because neither Star/XL nor Devil ever sought to compel arbitration, but instead opted to litigate the merits of this action in court to a final judgment, the right to arbitrate may be waived.  See Christensen v. Dewor Devs., 33 Cal. 3d 778, 782 (1983).  The mere fact that this agreement is subject to an arbitration clause does not abrogate Star/XL's obligation, under paragraph 12, to indemnify Entertainment Partners for attorneys' fees arising from Devil's breach of its obligations under the contracts.  Because Star/XL has assumed Devil's obligations under the contracts, paragraph 12 obligates Star/XL to pay attorneys' fees insofar as they are connected to the breach of these obligations.

Star/XL attempts to avoid this result, arguing that while it has been found to have assumed the obligations of the contracts between Devil and Entertainment Partners, it is liable only for its own breach of these contracts -- not for liability incurred by Devil.  Star/XL cites to Harry Hall & Co. v. Consolidated Packing Co., 55 Cal. App. 2d 651, 655 (1942); Armstrong Co. v. Shell Co. of Cal., 98 Cal. App. 769, 775 (1929); and Bryant v. Smith,57 Cal. App. 214 (1922), all of which are inapposite because they do not involve the assumption of a contract.  See Recorded Pictrue Co. (productions) Ltd. v. Nelson Netm't, 53 Cal. App. 4th 350, 362 ("The general rule is that the mere assignment of rights under an executory contract does not cast upon the assignee the obligations imposed by the contract upon the assignor.  The rule is otherwise, however, where the assignee assumes such obligations.") (quoting Enterprise Leasing Corp. v. Shugart Corp., 231 Cal. App. 3d 737, 745 (1991)) (ellipses omitted).  Here, Star/XL assumed Devil's obligations under the contracts.  As discussed *supra*, these obligations include the payment of attorneys' fees and costs.[6]

_____

[6] Star/XL also relies on Campbell v. Scripps Bank, 78 Cal. App. 4th 1328, 1336-37 (2000), to argue that, under California law, the attorneys' fees provision is unenforceable because there was no express indemnity provision between Entertainment Partners and Star/XL or between Star/XL and Devil.  This argument is unavailing because it ignores the finding that Star/XL assumed Devil's contractual obligations, including the obligation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

Additionally, per the Ninth Circuit's ruling in this case, California Civil Code § 1589 is an alternative basis for Star/XL's liability.  This section provides that "[a] voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting."  Because Star/XL ought to have known about the indemnity provision governing the agreement between Devil and Entertainment Partners when it accepted the benefits of this agreement, it is deemed to have accepted the obligations therefrom.[7]

Star/XL contends that it should not be liable for attorneys' fees incurred in connection with Entertainment Partners' efforts to collect on its judgment against the producers.  However, the indemnity clause at issue here is broad enough to encompass these types of expenses; these are losses or claims arising from Devil's breach of its obligations to Entertainment Partners.  Therefore, Star/XL is liable for these fees as well.

Star/XL further argues that an award of attorneys' fees is inappropriate in this case because it would run counter to the reciprocity principles of California Civil Code § 1717.  Star/XL relies on Real Property Servs. Corp. v. City of Pasadena, 25 Cal. App. 4th 375, 382 (1994), which stated the rule that, in cases involving nonsignatories to a contract with an attorney fee provision,

> [a] party is entitled to recover its attorney fees pursuant to a contractual provision only when the party would have been liable for the fees of the opposing party if the opposing party had prevailed.

See also Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124 (1979).  Star/XL argues that had it prevailed at trial, it would have been found not to have assumed Devil's obligations to Entertainment Partners, in which case, according to Star/XL, it would not be entitled to

---

to pay attorneys' fees and costs.

[7] Star/XL further argues that "absent a finding of agency, Star/XL cannot be liable for the contractual obligations of Devil."  Opp'n 9.  This argument is unavailing because Star/XL's liability is not predicated on a theory of agency, but instead, on Star/XL's assumption of the contract with Entertainment Partners.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

invoke the attorneys' fees provision in the contract between Devil and Entertainment Partners. Thus, Star/XL argues that under the reciprocity rule stated by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

Real Property Services, Entertainment Partners should not be entitled to collect attorneys' fees from Star/XL.

This argument lacks merit. Section 1717 was enacted to "avoid the perceived unfairness of one-sided attorney fee provisions. . ." Int'l Billing Services, Inc. v. Emigh, 84 Cal. App. 4th 1175, 1182 (2000). "Its purposes require section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." Reynolds, 25 Cal. 3d at 128.

Reynolds, which Real Property Services relied upon, is on point. There, the plaintiff sued the defendants, shareholders and directors of two bankrupt companies, alleging that they were personally liable for debts owed the plaintiff under an "alter ego" theory. Id. at 126. The plaintiff sued on two promissory notes, which contained an attorneys' fees provision, but which neither defendant had signed. Id. at 126-27. The defendants prevailed at trial and were awarded attorneys' fees. Id. at 127. On appeal, the court held that fees were properly awarded under § 1717. Id. at 128-29. The court reasoned that had the plaintiff prevailed on its claim that the defendants were the alter egos of the companies, the defendants would have been personally liable on the promissory notes, as well as on the attorneys' fees provision contained therein. Id. at 129. The effect of § 1717 was that the defendants were entitled to seek attorneys' fees, even though, having succeeded at trial, they were not parties to the promissory notes. Id.

Had Star/XL prevailed at trial, it would not have been found to have assumed Devil's contractual obligations to Entertainment Partners. However, as was the case for the defendants in Reynolds, Star/XL would then have been entitled to seek attorneys' fees against Entertainment Partners under the contract. Thus, principles of reciprocity are served by allowing Entertainment Partners to collect attorneys' fees in this instance. Neither Reynolds nor Real Property Services lends support to Star/XL's argument.

**B.      Apportionment of Fees**

Star/XL argues that even if Entertainment Partners is entitled to attorneys' fees and costs arising from its breach of contract, Entertainment Partners should not be entitled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

fees incurred in connection with its claims sounding in tort.  See Reynolds, 25 Cal. 3d at
129 ("Where a cause of action based on the contract providing for attorney's fees is
joined with other causes of action beyond the contract, the prevailing party may recover
attorney's fees under section 1717 only as they relate to the contract action.").

"Apportionment of a fee award between fees incurred on a contract cause of action
and those incurred on other causes of action is within the trial court's discretion."
Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1111 (1996).  "Attorney's fees
need not be apportioned when incurred for representation on an issue common to both a
cause of action in which fees are proper and one in which they are not allowed."
Reynolds, 25 Cal. 3d at 129-30.

The indemnity clause at issue in this case is written broadly.  It encompasses "any
and all costs and expenses . . . arising out of or in any way connected with" Devil's
breach of its obligations to Entertainment Partners.  Moreover, while Entertainment
Partners pursued a number of claims at trial, of which only one was for breach of
contract, all of these claims arose from Devil's breach of its obligations.  "A court will
award attorneys' fees for claims upon which the plaintiff failed to prevail [but] were
*related to* the plaintiff's successful claims.  Related claims will involve a common core of
facts."  Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 939 (9th Cir. 1999) (citation and
quotations omitted) (emphasis in original).  Because all of Entertainment Partners' claims
involved the same set of facts and arose from Devil's breach of its contractual
obligations, the Court declines to apportion the fees that Entertainment Partners incurred
in connection with its tort claims.

Star/XL also argues that fees should be apportioned between the several defendants
in this action.  As Star/XL concedes, it was the focus of this litigation.  The docket
reflects that Star/XL and the FDIC were the only defendants to file substantive motions in
this action.

With respect to the FDIC, the Court has already directed, in its June 2, 2004
judgment in favor of the FDIC, that both Entertainment Partners and the FDIC shall bear
their own fees and costs.  See Docket 118.  Therefore, Star/XL is not liable for such fees
and costs.  The Court declines to apportion fees between the defendants in any other
respect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

However, the parties dispute the extent to which Entertainment Partners' attorneys' fees relate to work that is *solely* attributable to its claims against the FDIC.  Counsel for Star/XL maintains that the fee invoices proffered by Entertainment Partners indicate that its counsel worked 67.5 hours on matters relating exclusively to its claims against FDIC.  See Declaration of Henry Ben-Zvi ¶ 9, Ex. 3; Supplemental Declaration of Gary J. Valeriano ("Valeriano Decl.") ¶ 8, Ex. A.  Accordingly, Star/XL calculates that Entertainment Partners' fee award should be reduced by $16,935.  Valeriano Decl. ¶ 8. Entertainment Partners counters that its counsel worked only 28.9 hours on matters that related exclusively to its claims against the FDIC, and therefore, its fee award should be reduced by only $7,255.  Ben-Zvi Supp. Decl. ¶ 11.

The Court has reviewed the fee invoices submitted by Entertainment Partners.  It finds that these invoices support Entertainment Partners' averments regarding the extent to which its counsel performed work that related solely to its claims against the FDIC.  Therefore, the Court determines that Entertainment Partners' fee award is properly reduced by $7,255 for legal work that related solely to its claims against the FDIC.

**C.    Other Challenges to the Calculation of Fees**

**1.    Fees Incurred in Connection with Certain Work Performed by Entertainment Partners' Counsel**

Star/XL argues that it should not have to pay for fees incurred prior to the filing of this action on September 16, 2002.  Star/XL also argues that it should not have to pay for any fees incurred by Entertainment Partners prior to their filing a complaint that withstood defendants' motions to dismiss.  Additionally, Star/XL contends that Entertainment Partners, in contravention of the contracts' arbitration clause, sued the producers in court prior to commencing arbitration proceedings against them, and that Star/XL should not be liable for attorneys' fees incurred in the course of this litigation.

All of these objections go to the reasonableness of Entertainment Partners' claimed attorneys' fees.  However, the fee provision at issue contains no limitation for the reasonableness of the fees.  Instead, it requires indemnification for "any and all" fees incurred by Entertainment Partners arising from or connected with Devil's breach of its obligations under the contract.  In any event, it was not unreasonable for Entertainment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

Partners to incur attorneys' fees prior to filing this action because it is expected that a party will undertake significant factual investigation and legal analysis prior to commencing litigation.  Moreover, that Entertainment Partners was made to amend their pleadings several times is not a basis for the reduction of fees.  Likewise, Entertainment Partners' decision to commence litigation rather than seek arbitration in order to vindicate their claims under the contract with Devil is not a basis for the reduction of fees.

### 2.    Duplicative Work

Next, Star/XL maintains during the transition period that ensued after Entertainment Partners substituted its counsel in this action, Entertainment Partners paid fees to its new counsel and simultaneously paid its previous counsel a consulting fee. Star/XL contends that it should not be compelled to compensate Entertainment Partners for two sets of attorneys, when one would have sufficed.  The Court concurs.  Star/XL may obtain fees for one set of counsel during this transition period.

In his supplemental declaration, counsel for Entertainment Partners avers that fees in the amount of $1,750 were incurred for duplicative work necessitated by Entertainment Partners' change of counsel.  Supplemental Declaration of Henry Ben-Zvi ("Ben-Zvi Supp. Decl.") ¶ 10.  Because Star/XL does not take issue with this figure, the Court finds that Entertainment Partners' attorneys' fee award is properly reduced by $1,750.

### 3.    Costs Incurred on Appeal

Additionally, Star/XL points out that it is not liable for costs incurred in connection with the appeal of this action because the Ninth Circuit ordered that each side shall bear its own costs.  SCIE LLC v. XL Reinsurance Am., Inc., 2007 U.S. App. LEXIS 18493 (9th Cir. 2007).  Accordingly, Star/XL is not liable for these sums.

### 4.    Miscellaneous Items

Star/XL initially took issue with a number of items submitted by Entertainment Partners, arguing that these items do not appear to relate to the instant action.  In particular, Star/XL directed the Court's attention to Entertainment Partners' attorneys' fees for "matters pertaining to a SAG bond, [and Entertainment Partners'] discussions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

with LHO concerning other security matters, etc." Opp'n 22. Star/XL also maintained that it should not have to pay fees for those items submitted by Entertainment Partners which are redacted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

At the March 31, 2008 hearing, the Court requested additional information regarding these items.  Entertainment Partners thereafter filed supplemental declarations, explaining to the satisfaction of the Court that these items are covered under the indemnity clause.  Ben-Zvi Supp. Decl. ¶¶ 6-8; Declaration of James M. Donovan ¶¶ 4-9.  Because Star/XL appears to have abandoned its objections to these fees following the submission of Entertainment Partners' supplemental declarations, the Court awards attorneys' fees for the work performed in connection with these items.

### D.    Lodestar Calculation and Enhancement

Entertainment Partners maintains that, through December 31, 2004, it incurred fees and expenses in the amount of $574,270.84, based on an hourly rate of $310.88 per hour.

According to Entertainment Partners, as of January 1, 2005, it agreed to a contingency arrangement with its counsel.  For work performed since that date, Entertainment Partners argues for the computation of the lodestar at an hourly rate of $600, multiplied by an estimated 400 hours of work, or $240,000.  Entertainment Partners further requests that the lodestar be multiplied by four as an enhancement.  Thus, Entertainment Partners seek attorneys' fees in the amount of $960,000 for work performed after January 1, 2005.  Entertainment Partners argues that this would come close to making it whole because, pursuant to its contingency arrangement, it anticipates that it will have to pay $1,037,837.33 in fees.[8]

---

[8] Entertainment Partners reaches this figure by assuming that it will obtain a total judgment of $6,918,915.53, of which it must pay its counsel 15%, or $1,037,837.33.  Entertainment Partners thus calculates that its losses, excluding attorneys' fees, are $5,881,078.20.  Entertainment Partners asserts that this amount is comprised of the following sums: (1) $2,894,988.46 (for unpaid invoices); (2) $184,758.94 (for fees and expenses incurred to obtain the Devil judgment); (3) $62,999.83 (for fees and expenses incurred in collection efforts); (4) $579,524.94 (for fees incurred in this action through December 31, 2004 and for expenses incurred throughout the entirety of this action); and (5) $2,158,806.03 (in interest).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|----------|----------------------|------|-----------------|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

Entertainment Partners has cited to no authority for the proposition that a lodestar multiplier is appropriate in this case, where the obligation to pay fees arises from contract.[9]  Although Star/XL assumed the obligation to pay attorneys' fees arising from Devil's breach of its obligations to Entertainment Partners, the Court reads the contract to oblige the non-prevailing party to pay only those attorneys' fees that were actually incurred.  Nothing in the contract suggests that Star/XL assumed an obligation to pay attorneys' fees that include a risk multiplier, regardless of whether such fees are actually incurred.[10]  Instead, the Court finds and concludes that under the circumstances, an unadjusted lodestar amount is a reasonable fee award.

According to Entertainment Partners, its counsel performed  418.5 hours of work in this action since January 1, 2005.  Entertainment Partners avers that 168.1 of these hours were incurred at a billing rate of $450 per hour, and the rest of these hours were incurred at a billing rate of $500 per hour.  Ben-Zvi Supp. Decl. ¶ 17.  Thus, Entertainment Partners contends that it is entitled to a fee award of $200,845 for work performed after January 1, 2005.  Additionally, Entertainment Partners avers that it is entitled to $2,069.20 in costs incurred since January 1, 2005, exclusive of the costs that it incurred on appeal.

---

[9] Even if there were authority to support the use of a multiplier to calculate attorneys' fees under such circumstances, the Court would not find any multiplier to be appropriate in this case.  By the time that Entertainment Partners entered into a contingency fee arrangement with its counsel, the bulk of the legal work in this action had been completed.  Thereafter, Entertainment Partners' counsel prepared Entertainment Partners' motion for a new trial on damages and opposed Star/XL's motion for judgment as a matter of law, and represented Entertainment Partners in connection with the appeal of this action to the Ninth Circuit, a motion for summary judgment upon remand of the action to this Court, and the instant motion for attorneys' fees.  Given the relatively limited scope and duration of counsel's representation of Entertainment Partners after the contingency fee agreement was in place, a lodestar enhancement would not be appropriate in this case.

[10] The Court does opine as to whether Entertainment Partners' contingency fee arrangement with its counsel is itself unreasonable or unenforceable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

Entertainment Partners maintains that the foregoing hourly rates are reasonable.  In support of this contention, Entertainment Partners proffers the declaration of Howard D. Fabrick ("Fabrick"), a partner at the law firm of Akin Gump Strauss Hauer & Field, who asserts that the reasonable hourly rate in the Los Angeles legal community for the type of legal services provided by Entertainment Partners' counsel, in light of counsel's background and experience, is at least $600 per hour.  Declaration of Howard D. Fabrick ¶ 6.  Star/XL objects that Fabrick's opinion in this regard is untrustworthy because Fabrick is a former director for Entertainment Partner's parent company and because both he and counsel for Entertainment Partners were once partners together at the law firm of Proskauer Rose LLP.  However, the Court does not find that Fabrick's opinion as to a reasonable fee rate is biased.  The Court regularly encounters requests for attorneys' fees for similar types of work with fee rates that exceed the rate charged by Entertainment Partners' counsel in this action.  Moreover, Star/XL has not presented the Court with any evidence that the rates charged by counsel are unreasonable.

Accordingly, the Court finds and concludes that the fee rates charged by Entertainment Partners' counsel are reasonable.

### E.    Interest

Entertainment Partners argues that, pursuant to California Civil Code § 3287(a), it is entitled to prejudgment interest at the rate of 10% per annum, simple interest. Entertainment Partners argues that interest should apply to the payroll invoices from the date of nonpayment.  Entertainment Partners further argues that interest should be awarded upon the attorneys' fees awarded in the arbitration proceedings between Entertainment Partners and the producers.  Finally, Entertainment Partners contends that interest should apply to the costs awarded by this Court following the trial in this action.

Cal. Civ. Code § 3287(a) provides for the recovery of interest on damages from the time that such damages are "certain, or capable of being made certain by calculation . . ." See Childrens Hosp. v. Bonta, 97 Cal. App. 4th 740, 775 (2002) ("The test for recovery of prejudgment interest under Civil Code section 3287, subdivision (a) is whether defendant actually knows the amount owed or from reasonably available information could the defendant have computed that amount.") (quotations omitted).  With regard to the unpaid payroll invoices, Entertainment Partners maintains that the amount owing has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

been certain since the date of each of those invoices.  Alternatively, Entertainment Partners contends that the amount owing was fixed as of December 2001, when Entertainment Partners was awarded $ 2,894,988.45 in arbitration for the unpaid invoices.  Entertainment Partners points out that the parties recently stipulated that the unpaid invoices were in the same amount.

Although Entertainment Partners prevailed at trial on the question of whether Star/XL had assumed Devil's contractual obligations, the jury awarded zero damages, finding that Entertainment Partners had failed to mitigate any of its damages.  Thereafter, the Ninth Circuit ruled that mitigation was irrelevant in this action.  Even if the amount of unpaid payroll invoices has never been in dispute, until the Ninth Circuit's ruling that mitigation of damages is irrelevant, it appeared that the amount of Entertainment Partners' damages could have been reduced to the extent that Entertainment Partners had failed to mitigate its damages.  Accordingly, Entertainment Partners' damages were not certain until the Ninth Circuit's ruling with regard to mitigation.  Therefore, the Court awards prejudgment interest from the date of the Ninth Circuit's order -- June 5, 2007.

While it is undisputed what attorneys' fees were awarded in the arbitration proceedings between Entertainment Partners and the producers, Star/XL's obligation to pay such fees has not been settled until now.  Accordingly, the Court declines to award prejudgment interest for these fees.

Star/XL was obliged to pay costs of a fixed amount on April 6, 2005, when the Court entered a judgment declaring that Entertainment Partners was the prevailing party and that it was entitled to costs.  Interest is awarded on such costs beginning on April 6, 2005.

## IV.  CONCLUSION

In accordance with the foregoing, Entertainment Partners are awarded attorneys' fees and costs.  Additionally, Entertainment Partners is entitled to interest as described in section III.E. *supra.*

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-2782 CAS (FMOx) | Date | August 11, 2008 |
|---|---|---|---|
| Title | SCIE, LLC d/b/a ENTERTAINMENT PARTNERS SERVICES GROUP; ET AL. v. XL REINSURANCE AMERICA, INC, ETC.; ET AL. | | |

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |